**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KARINA MARICELA GOMEZ-
FIGUEROA; LESLI FRANCHESCA
VASQUEZ-GOMEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72670

Agency Nos.    A206-804-098
                       A206-804-099

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2022
San Francisco, California

Before:  WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Karina Maricela Gomez-Figueroa and her daughter[1] petition for review of a

Board of Immigration Appeals decision denying Gomez-Figueroa's application for

asylum.  Gomez-Figueroa argues that she qualifies for asylum due to persecution

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[1] Karina Maricela Gomez-Figueroa's minor daughter is included as a derivative
beneficiary of Gomez-Figueroa's asylum application.

on the basis of her membership in the particular social group of "female victims of domestic violence in El Salvador unable to leave a relationship."

We have appellate jurisdiction under 8 U.S.C. § 1252.[2] We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Bringas-Rodriguez*, 850 F.3d at 1059. We deny the petition for review.

To establish eligibility for asylum, Gomez-Figueroa must show that she was unable or unwilling to return to El Salvador "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Khup v. Ashcroft*, 376 F.3d 898, 903 (9th Cir. 2004). An asylum claim based upon membership in a particular social group requires that the applicant "demonstrat[e] the existence of a cognizable particular social group," "[her] membership in that particular social group," and "a risk of persecution on

_____

[2] We lack jurisdiction over any challenge to the immigration judge's denial of withholding of removal or relief under the Convention Against Torture because Gomez-Figueroa did not exhaust those claims before the Board. 8 U.S.C. § 1252(d)(1).

account of [her] membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

Gomez-Figueroa claimed that she was persecuted on account of being "a female victim of domestic violence in El Salvador unable to leave a relationship." The immigration judge held that Gomez-Figueroa's proposed particular social group was not cognizable, citing *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) (*A-B-* I). The immigration judge further found that even if Gomez-Figueroa's proposed particular social group was cognizable, she did not demonstrate membership in the group. The Board upheld the immigration judge's decision that Gomez-Figueroa's proposed particular social group was not cognizable, citing *A-B-* I, and held that even if the group were cognizable, Gomez-Figueroa failed to establish membership in it.

We need not decide whether Gomez-Figueroa's proposed particular social group of "female victims of domestic violence in El Salvador unable to leave a relationship" is cognizable. Rather, we hold that substantial evidence supports the finding that Gomez-Figueroa failed to establish that she is a member of that group because she was able to leave her relationship with her husband. The immigration judge found that Gomez-Figueroa was able to leave her relationship with her husband because "her husband kicked her out of the marital home," "she lived with her mother for over a year and a half prior to coming to the United States," and

3

"[w]hile Mr. Vasquez initially attempted to get [Gomez-Figueroa] to return by going to her mother's and threatening her, [Gomez-Figueroa's] mother told him to leave them alone and he never returned." The Board upheld the immigration judge's finding that Gomez-Figueroa was able to leave her relationship with her husband, highlighting that she "was able to leave her relationship and reside with the mother for 16 months, unharmed."

In view of the administrative record evidence, we hold that any reasonable adjudicator would not be compelled to conclude that Gomez-Figueroa could not leave her relationship with her husband. Thus, even if "female victims of domestic violence in El Salvador unable to leave a relationship" were a cognizable particular social group, the Board properly upheld the immigration judge's finding that Gomez-Figueroa failed to demonstrate that she is a member of that group because she did not prove an inability to leave her relationship.

**PETITION DENIED.**